**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|                                           |   |                          |
|-------------------------------------------|---|--------------------------|
| SHELLIE KNIGHT,                           ) |                          |
|                                           ) |                          |
| Plaintiff,                                ) |                          |
|                                           ) |                          |
| v.                                        ) | CIVIL NO. 3:10-CV-272    |
|                                           ) |                          |
| MICHAEL J. ASTRUE,                        ) |                          |
| Commissioner of Social Security,          ) |                          |
|                                           ) |                          |
| Defendant.                                ) |                          |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Shellie Knight, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for Social Security Disability ("DIB") payments. The Commissioner's final decision is based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion for summary judgment (docket no. 9) and motion to remand (docket no. 10) be DENIED; that Defendant's motion for summary judgment (docket no. 12) be GRANTED; and that the final

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for DIB on August 30, 2007, claiming disability due to bilateral ulnar neuropathy[2], mononeuritis (unspecified inflammation of a nerve), allergies, high blood pressure, and pain, with an alleged onset date of May 1, 2007. (R. at 102-03, 121.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[3] (R. at 70-71; 82-86.) At Plaintiff's request, an ALJ held an administrative hearing on December 11, 2008, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (R. at 18-58.) On January 21, 2009, the ALJ denied Plaintiff's application, finding that she was not disabled under the Act where, based on her age, education, work experience and residual functional capacity, there are jobs she could perform which exist in significant numbers in the national economy. (R. at 10-17.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 1-3.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

---

[2] A functional disturbance or pathological change in the peripheral nervous system, pertaining to the ulnar nerve, which is located in the forearms. Dorland's Illustrated Medical Dictionary 217, 1280, 1287, 2026 (31st ed. 2007).

[3] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to

determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[4] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result

---

[4] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

in death, it constitutes a qualifying impairment and the analysis ends.  20 C.F.R. §§ 416.920(d), 404.1520(d).  If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[5] based on an assessment of the claimant's residual functional capacity (RFC)[6] and the "physical and mental demands of work [the claimant] has done in the past."  20 C.F.R. §§ 416.920(e), 404.1520(e).  If such work can be performed, then benefits will not be awarded.  Id.  However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The Commissioner can carry his burden in the final step with the testimony of a VE.  When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform.

---

[5] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved.  20 C.F.R. §§ 416.965(a), 404.1565(a).

[6] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p.  When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.  Id.  (footnote omitted).

Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV. ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 12.) At steps two and three, the ALJ found that Plaintiff had the severe impairment of bilateral ulnar neuropathy, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 12-13.) The ALJ next determined that Plaintiff had the RFC to lift up to seven pounds occasionally and up to three pounds frequently, to stand/walk for up to six hours in an eight hour day, and to sit for up to six hours in an eight hour day. The ALJ also concluded that Plaintiff would be unable to use her hands for writing or typing for more than four hours in an eight hour day. (R. at 13-16.)

Initially, the ALJ determined at step four of the analysis that Plaintiff could perform her past relevant work as a telemarketer. (R. at 16.) However, the ALJ noted that Plaintiff's past work as a telemarketer may not qualify as past relevant work. (R. at 16.) Therefore, the ALJ apparently proceeded to the step five analysis, where after considering Plaintiff's age, education, work experience and RFC, and after consulting a VE, the ALJ nevertheless found that there are other occupations which exist in significant numbers in the national economy that Plaintiff could perform. (R. at 16-17.) Specifically, the ALJ confirmed that the occupation of telemarketing

6

qualified as "past relevant work" and that Plaintiff was capable of such employment. (R. at 23-24.) Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R. at 30-31.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot. for Summ. J.) In support of her position, Plaintiff argues that: (1) the ALJ's reliance on Plaintiff's employment as a telemarketer as past relevant work was in error; and (2) Plaintiff is disabled based on Rule 201.14 of the Medical Vocational Guidelines ("Grids"); (Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") at 5-9.) Defendant argues in opposition that the Commissioner's final decision is supported by substantial evidence and application of the correct legal standard such that it should be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") at 7-12.)

### A. Plaintiff contends that the ALJ's reliance on Plaintiff's previous employment as a telemarketer as past relevant work is a reversible error.

Plaintiff argues that regardless of whether the ALJ found Plaintiff not disabled at step four or step five, the ALJ's finding was in error. (Pl.'s Mem. at 6.) Plaintiff notes that the VE described telemarketing work as semi-skilled, which would preclude Plaintiff from being able to perform such work, as she had no relevant experience or skills. (Pl.'s Mem. at 7.) Plaintiff further argues that the past work as a telemarketer was not relevant because it was not performed for a long enough period; nor was it performed at the required SGA level. (Pl.'s Mem. at 7-8.)

In the fourth step of the analysis the ALJ is required to determine whether the claimant can return to her past relevant work based on an assessment of the claimant's residual functional capacity (RFC) and the "physical and mental demands of work [the claimant] has done in the

7

past." 20 C.F.R. §§ 416.920(e), 404.1520(e). As noted earlier, "past relevant work" is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

Here, although the ALJ seemingly found that Plaintiff could perform her past relevant work as a telemarketer, he also noted that such work might not be considered as past relevant work. (R. at 16.) It appears that such prior employment would not qualify as past relevant work, as Plaintiff performed such work approximately fifteen years before filing for disability benefits, which is beyond the time constraints of the applicable rule. Accordingly, it appears that because the ALJ was unsure whether Plaintiff had engaged in past relevant work as a telemarketer, he consulted a VE to determine Plaintiff's employment capabilities, which effectively advanced the analysis to step five. (R. at 16, 48.)

At the fifth step of the sequential analysis, the Commissioner must show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f). The Commissioner can carry his burden in the final step with the testimony of a VE. When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

Here, the ALJ properly relied on the testimony of the VE to conclude that Plaintiff could perform other work that exists in the significant numbers in the national economy. The VE

8

testified that Plaintiff had transferable skills to the sedentary level of exertion which she used "throughout her work history pretty much, which were office skills." (R. at 45.) The VE testified specifically that Plaintiff's transferable office skills were acquired from her sedentary occupations of data entry. (R. at 45.) The VE also testified that Plaintiff used such skills at a semi-skilled level, and that her transferable office skills "would stay within that range." (R. at 45.) In response to the hypothetical posed by the ALJ, which included all aspects of the ALJ's ultimate RFC finding except for the limitations on using her hands, the VE responded that they were "getting a little bit less than sedentary at that point," but that Plaintiff could still perform a sedentary occupation as a data entry clerk or telemarketer. (R. at 13, 46.) When the ALJ added a limitation regarding Plaintiff's writing and use of a computer, the VE initially stated that such a limitation would eliminate all sedentary jobs. (R. at 46.) However, the ALJ modified the limitation to an inability to use her hands for writing or typing for more than four hours in an eight hour day. (R. at 13, 47.) The VE then stated that Plaintiff could perform a telemarketing job, but that such occupation may not be considered past relevant work because it was performed fifteen years ago. (R. at 47.) The ALJ then asked the VE, assuming that the telemarketing work was <u>not</u> SGA, if the occupation of telemarketer would be an appropriate occupation for a person with her abilities and limitations. (R. at 48.) The VE confirmed that such a position would be appropriate. (R. at 48.) The ALJ further inquired whether Plaintiff had transferable skills for the occupation of telemarketer. The VE confirmed that Plaintiff had such appropriate skills. (R. at 48-49.) The VE further testified that there were 385,000 telemarketing occupations nationally and 9,700 occupations available in Virginia. (R. at 49-50.) Such a quantity satisfies the requirement that a significant number of jobs must exist in the national economy. Hicks v.

Califano, 600 F.2d 1048, 1051 (4th Cir. 1979).

Assuming that Plaintiff has no qualifying past relevant work as a telemarketer because she only engaged in such employment beyond the required timeframe, the ALJ still properly found that she could perform work as a telemarketer as it is generally performed in the national economy at present. The VE testified that Plaintiff had transferable office skills, which were performed and transferable at a semi-skilled level, that she used "throughout her work history." (R. at 45, 48.) Although it appears that Plaintiff argues that she has no transferable skills, such a contention is contrary to the VE's evidence. (Pl.'s Mem. at 7, Pl.'s Reply at 1.) Plaintiff's contention that the VE only identified the telemarketer position because the ALJ instructed her to assume that it qualified as past relevant work is incorrect. (Pl.'s Reply at 1-2.) While the ALJ did initially assume that telemarketing was past relevant work, he also subsequently asked the VE: "if that's not [SGA]...[would that] qualify as a job she could perform as other work?" (R. at 48, emphasis added.) The VE responded affirmatively, and stated that Plaintiff would indeed have transferable skills for such an occupation. (R. at 48-49.)

Though the testimony may be confusing, it is nevertheless clear that the VE ultimately testified that Plaintiff was capable of performing other work in the national economy as a telemarketer. (R. at 48-49.) There is no support for Plaintiff's contention that Plaintiff's office skills could not transfer to the occupation of telemarketer, where the VE explicitly testified, without contradiction, that they could. (Pl.'s Mem. at 7, Pl.'s Reply at 2, R. at 48-49.) Therefore, having properly relied upon the testimony of the VE, the ALJ concluded that Plaintiff could perform work as a telemarketer, which qualifies as other work existing in significant numbers in the national economy. Accordingly, this Court recommends that the ALJ's decision

is based on substantial evidence and application of the correct legal standard, and should therefore be affirmed.

> **B.    Plaintiff contends that she is disabled based on Rule 201.14 of the Medical Vocational Guidelines.**

Plaintiff also argues that she is limited to sedentary work and is unable to utilize her "office" skills in such work due to the limitations related to the use of her hands. (Pl.'s Mem. at 9.) As a result, Plaintiff contends that Grid Rule 201.14, not Rule 201.15, is applicable, and that she is accordingly disabled pursuant to such Rule. (Pl.'s Mem. at 8-9.)

Once an ALJ determines a claimant's RFC, he may use the Grids to determine the claimant's level of disability and potential for employment. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The Grids catagorize jobs by their physical-exertion requirements,[7] namely, sedentary,[8] light,[9] medium, heavy, and very heavy. See SSR 83-10. There are numbered tables for the "sedentary," "light," and "medium" levels (tables 1, 2, and 3, respectively), and a specific rule for the "heavy" and "very heavy" levels (Rule 204.00). SSR 83-10; 20 C.F.R. Pt. 404, Subpt. P, App. 2. Based on the claimant's RFC, the ALJ must first determine which table to apply, i.e., if the claimant's RFC limits him to a sedentary exertional level, then Table No. 1 is

---

[7] A claimant's exertional limitations determines the proper exertional level for the claimant's situation. See SSR 83-10. An exertional limitation is an impairment-caused limitation which affects one's capability to perform an exertional activity (strength activity) such as sitting, standing, walking, lifting, carrying pushing, and pulling. SSR 83-10.

[8] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

[9] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. . . . A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

the appropriate table. Next, based on the claimant's age, education, and previous work experience, the rule directs a finding of "disabled" or "not disabled." Where a claimant suffers only exertional limitations, the ALJ must consult the Grids to determine eligibility for benefits. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).

Plaintiff, having reached fifty years old as of November 20, 2008, is considered "closely approaching advance age." 20 C.F.R.§ 404.1563(d). She has a high school diploma and she completed two years of college. (R. at 45, 128.) The VE testified that Plaintiff has a history of semi-skilled work experience. (R. at 44-45.) As noted earlier, Plaintiff's skills were identified by the VE as office skills and transferable to other semi-skilled positions. (R. at 45.) Based on such a profile, Rule 201.15, and not Rule 201.14, is the appropriate rule in the Grids. Rule 201.15 applies to an individual who is closely approaching advanced age, is a high school graduate or more, and has skilled or semi-skilled work experience with transferable skills. 20 C.F.R. pt. 404, subpt. P, app 2, § 201.15. Accordingly, Rule 201.15, which applies to Plaintiff, directs a finding of "not disabled." Id.

However, Plaintiff contends that Rule 201.14 applies instead because her skills were not transferable. (Pl. Mem at 8.) If so, Rule 201.14 would, in fact, direct a finding of "disabled." 20 C.F.R. pt. 404, subpt. P, app 2, § 201.14. However, the VE testified that Plaintiff had transferable skills at the semi-skilled level, that such skills were office skills, and that she had utilized such skills at the sedentary level. (R. at 45). Skills are considered transferable if they are skills that can be used in other positions or other work. 20 C.F.R. § 404.1568(d). As noted earlier, the VE testified that the office skills that Plaintiff had acquired in her past work were

12

transferable to the occupation of telemarketer. (R. at 48.) Therefore, the ALJ was entitled to conclude that Rule 201.15 was applicable, as he relied on the uncontradicted testimony of the VE. (R. at 48-49.) Accordingly, the ALJ's decision is based on substantial evidence and application of the correct legal standard, and this Court recommends that the decision should be affirmed.

## V. CONCLUSION

Based on the foregoing analysis, it is the Court's recommendation that Plaintiff's motion for summary judgment (docket no. 9) and motion to remand (docket no. 10) be DENIED; that Defendant's motion for summary judgment (docket no. 12) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Richmond, VA
Date: December 14, 2010

13